Patricia L. REAMS, Plaintiff—
Appellant,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant—Appellee.

No. 03–35468.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 24, 2004.

Robert F. Webber, Esq., Black, Chapman & Webber, Medford, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Mark O. Hatfield, Portland, OR, Lucille G. Meis, Esq., Office of General Counsel, Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before: LEAVY, TROTT, Circuit Judges, and POLLAK,* Senior District Judge.

MEMORANDUM **

Patricia Reams appeals the denial of her application for Social Security disability

* Hon. Louis H. Pollak, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

882

insurance benefits. Because the ALJ's decision to discredit Reams's testimony and to reject the opinion of Reams's treating physician is supported by substantial evidence in the record, we affirm the ALJ's decision.

■ The ALJ did not err in discrediting Reams's testimony regarding the severity of her symptoms. An ALJ may reject the claimant's subjective symptom testimony "only if he makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996).

The ALJ properly considered the inconsistency between Reams's activities and her claimed degree of disability. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989). Citing to specific facts in the record, the ALJ explained that the "sum-total of the claimant's admitted activities, including voluntary activities such as teaching[,] reading, dining out, or doing craft work, exceeds what would be expected of an individual impaired to the extent which she otherwise alleges." Because the ALJ's interpretation is reasonable and supported by substantial evidence in the record, we uphold his decision to discredit Reams's testimony.

The ALJ decision to discredit Reams's testimony is also supported by Dr. Fridinger's finding that Reams's "[k]nee strength is virtually nil when tested and lying on her back and again she is able to extend both knees when rising from a sitting position and raising her entire 282 [pounds] and obviously extending her knees to do this." An ALJ may rely on a claimant's "fail[ure] to give maximum or consistent effort during ... physical capacity evaluations" to find that the claimant is not credible. *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002). Thus, the ALJ provided clear and convincing reasons for discrediting Reams's testimony.

■ The ALJ's decision to disregard Dr. Anderson's medical opinion is also supported by substantial evidence. When there is a conflict between the opinions of a treating physician and an examining physician, the ALJ may disregard the opinion of the treating physician only if the ALJ sets forth "specific and legitimate reasons supported by substantial evidence in the record for doing so." *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir.2001).

The ALJ discredited Dr. Anderson's opinion for two specific and legitimate reasons that are supported by substantial evidence in the record. First, the ALJ rejected Dr. Anderson's opinion because his opinion was based, in part, on Reams's subjective complaints of pain and fatigue, which the ALJ properly discredited. *Tonapetyan,* 242 F.3d at 1449. Second, the ALJ properly relied on inconsistencies between Dr. Anderson's opinion and Reams's stated activities. *See Morgan v. Commissioner,* 169 F.3d 595, 602 (9th Cir.1999). For example, Dr. Anderson stated that Reams is unable to work even one hour per day, but Reams testified that she is able to use the Internet for hours at a time and that she is able to volunteer twice a week for one hour at the Adult Learning Center.

The ALJ's statement that "Dr. Fridinger explicitly stated that CFS was not present" is not literally accurate, but the record of Dr. Fridinger's findings and observations would support such a conclusion. Therefore, this misstatement is of no consequence when examined in the light of the entire record and Dr. Fridinger's full report.

AFFIRMED.